IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **MARCUS INGRAM, an Individual,** § § § § **Plaintiff,** § § **v.** § § **TRADE TYRON HOTEL COMPANY,** § **LLC, a Delaware Corporation** § § **Defendant.** § § | Case No. 3:06CV00164 |

## CONSENT DECREE

This CONSENT DECREE is made and entered into by and among Marcus Ingram ("Plaintiff") and Trade Tyron Hotel Company, LLC ("Defendant"). Plaintiff and Defendant are sometimes hereinafter referred to as the "Parties."

**WITNESSETH:**

WHEREAS, Plaintiff filed this action against Defendant for alleged violations of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.*;

WHEREAS, the Parties have agreed to a settlement of this action;

WHEREAS, the Parties desire to avoid further expense, time, effort and uncertainty in regard to this action;

WHEREAS, the pending litigation involves claims contested by Defendant and defenses contested by Plaintiff;

WHEREAS, the Parties now desire permanently and fully to settle, resolve, and conclude the litigation and all disputes, claims, and defenses that were or could have been brought by Plaintiff in the litigation without the burdens and expenses of further litigation and trial;

WHEREAS, the Parties have conferred in good faith and agree that the pending litigation should be settled without the need for trial;

WHEREAS, the Parties acknowledge and agree that this Consent Decree is not intended to be, and shall not be construed or represented to be, evidence of, or an admission of liability, on the part of Defendant on any claim in the litigation; and

WHEREAS, this Consent Decree is understood by the Parties to be an amicable resolution of genuinely disputed claims;

NOW THEREFORE, in consideration of the promises herein set forth, and the mutual and reciprocal covenants and agreements herein provided, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, it is AGREED by the Parties and ORDERED by the Court as follows:

1. Defendant hereby represents to Plaintiff that it has made the alterations or improvements specified in Exhibit 1 hereto, or that it shall cause the alterations and improvements contained in Exhibit 1, to be made to the property which is the subject of this action, commonly known as the Omni Charlotte Hotel (referred to hereinafter as the "facility" or the "property" or the "hotel").

2. Defendant shall make reasonable efforts to complete all of the alterations and modifications required under this Consent Decree within 24 months following the entry of this Consent Decree on the Court's docket. Additionally, Defendant shall make reasonable efforts to make the alterations and modifications required for the guest rooms to at least two of the hotel's guest rooms within 12 months following the entry of this Consent Decree on the Court's docket. Defendant may extend either time period if needed, with Plaintiff's consent to the additional time requested, which shall not unreasonably withheld. Agreed upon extensions of deadlines for

completion of work required hereunder shall be confirmed in writing by the Parties. Such extensions of time need not be endorsed by the Court. Defendant shall take reasonable steps to obtain the appropriate permits from the City of Charlotte in time to complete all work required by this Consent Decree within the time periods referred to above.

3. The Parties' settlement of Plaintiff's claims for attorney's fees and costs shall be the subject of a separate agreement and shall remain confidential. The Parties stipulate that Defendant has paid Plaintiff for all reasonable and necessary attorney's fees, litigation expenses (including expert fees and costs), and costs incurred by Plaintiff in this matter, as agreed to by the Parties.

4. In consideration of the separate agreement referenced in the preceding paragraph and in consideration of the actions undertaken or to be undertaken by Defendant under the terms of this Consent Decree, Plaintiff, individually and jointly on behalf of his past, present, and future agents, attorneys, partners, affiliates, successors, heirs, and assigns, hereby releases and forever discharges Defendant, its owners, investors, stockholders, agents, directors, officers, employees, insurers, representatives, attorneys, divisions, parent companies, subsidiaries, and affiliates (and agents, directors, officers, employees, representatives, and attorneys of such divisions, parent companies, subsidiaries, and affiliates), and their predecessors, successors, heirs, executors, administrators, and assigns, whomsoever, and all persons acting by, through, under or in concert with any of them, or any of them (hereinafter, "Released Parties"), of and from any and all charges, complaints, grievances, claims, actions, causes of action, suits, liabilities, obligations, promises, agreements, demands, controversies, rights, damages, court costs, debts, losses, expenses (including attorneys' fees and costs actually incurred), and compensation whatsoever, whether statutory, contractual, or common law, known or unknown,

which Plaintiff now has or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen, injuries and damage and the consequences thereof resulting or which may result from any acts or inactions or torts or wrongdoing committed by Released Parties through the latest date on which this Agreement is signed, including, but not limited to, any claim arising under the Americans with Disabilities Act.  The Parties understand and agree that this Release does not apply to any alleged breaches of this Consent Decree.

5. The Parties further acknowledge, represent, covenant, and warrant that the obligations imposed by this Consent Decree shall be forever binding, and that this Consent Decree may not be modified, amended, annulled, rescinded, or otherwise changed unless in writing signed by authorized representatives of Plaintiff and Defendant, which expressly refers to this Consent Decree.  The Court must endorse all substantive changes to this Consent Decree.

6. Plaintiff acknowledges, represents, covenants, and warrants that Plaintiff, individually, has not made any assignment of any right, claim, or cause of action covered by this release to any individual, corporation, or any other legal entity whatsoever.

7. The Parties stipulate and represent that they have the power and authority to execute and deliver this Consent Decree and to perform its obligations hereunder.

8. The Parties also shall file an agreed order of dismissal indicating that the matter has been settled and requesting that the matter be dismissed, with prejudice, subject to the Court retaining jurisdiction only for enforcement purposes.

9. This Consent Decree shall become effective as of the date when the Court has endorsed it as an order of the Court.

_____
    IT IS SO ORDERED.

                                        Signed: May 30, 2007

                                        Graham C. Mullen
                                        United States District Judge